**Opinion filed June 30, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00003-CV
_____

## IN THE INTEREST OF A.V., A CHILD

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. CV32227**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of A.V. Both parents appealed. On appeal, each parent presents one issue challenging the trial court's finding that the termination of that parent's parental rights is in the child's best interest. We affirm the order of the trial court.

### I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). To terminate one's parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that the mother and the father had each committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (N) and (O). Neither parent challenges these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of the mother's and the father's parental rights would be in the best interest of their child. *See id.* § 161.001(b)(2). In their sole issue on appeal, each parent challenges both the legal and factual sufficiency of the evidence to support the trial court's best interest finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the

programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## II. *Evidence and Analysis*

The record shows that the Department of Family and Protective Services became involved in this case when, at the time of her birth, A.V. tested positive for methamphetamine. A.V. was removed from her parents' care and placed with fictive kin—where she remained at the time of the final de novo hearing in this cause. Due to various delays, including this court's reversal of the trial court's original termination order,[1] A.V. was three and one-half years old at the time of the final de novo hearing.

It was undisputed at trial that neither parent complied with the terms of his or her court-ordered family service plan. Both parents continued to use illicit drugs, including methamphetamine, while this case was pending below. In addition to their long history of drug abuse, both parents had extensive criminal histories.

Furthermore, neither parent had suitable housing or any means of transportation. The father owned a home, but his testimony, as well as that of an investigator for the Department, indicated that the home was not safe for a young child. While this case was pending below, the mother was homeless at times, stayed

---

[1]*See In re A.V.*, No. 11-20-00234-CV, 2021 WL 1204397, at *2 (Tex. App.—Eastland March 31, 2021, no pet.) (mem. op.).

with others at times, and was incarcerated at times. Additionally, the mother had ongoing mental health issues, and the father had serious physical health issues.

In addition to A.V., the mother had three older children—all of whom had been removed from her care. The father had six other children, who ranged in age from forty-four years old to seven years old. The father testified that his children had all been taken away from him. He also testified that he had not been able to see any of his other children grow up but that he wants to "this time." The record shows, however, that the father rarely exercised any visitation with A.V. and that the mother did not regularly exercise any visitation with A.V. until a few months before the final de novo hearing—at which she time she began FaceTime visits with A.V.

When A.V. was removed, she was placed with "fictive kin"—a friend of the family. That was the only home that A.V. had ever known, and she was over three years old at the time of the final de novo hearing on termination. The fictive kin wished to adopt A.V. if she became available for adoption, and the record shows that A.V. was doing very well in that home. Due to some issues that were diagnosed in an "ECI" assessment, A.V. participated in physical therapy, occupational therapy, and speech therapy.

The Department believed that it would be in A.V.'s best interest for the parental rights of both parents to be terminated. The fictive kin agreed. The child's attorney and guardian ad litem also agreed that termination of the parental rights of both parents would be in A.V.'s best interest.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of the mother's and the father's parental

4

rights would be in the best interest of A.V. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, the mother's and the father's continued use of drugs while the case was pending below, the danger that both parents would pose to A.V., and the parents' lack of housing that is both safe and stable, we hold that the evidence is legally and factually sufficient to support the trial court's findings that (1) termination of the mother's parental rights is in the best interest of A.V. and (2) termination of the father's parental rights in the best interest of A.V. *See id.* We defer to the trial court's findings as to the child's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's findings as to best interest are not supported by clear and convincing evidence. Accordingly, we overrule each parent's sole issue on appeal.

III. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER

JUSTICE


June 30, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

5